**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Randy Warstler,                                                 Case No. 3:16CV385

             Plaintiff,

          v.

                                                    **ORDER**

Medtronic, Inc., et al.,

             Defendants

       Randy Warstler filed this civil action against Medtronic, Inc. and two John Does, alleging that he was implanted with a defective SynchroMed® II Intrathecal Infusion Pump System. (Doc. 1). Warstler asserted that the John Does are:

> corporations or other business entities, the names and addresses of which are unknown, who were involved in the business of developing, designing, licensing, manufacturing, distributing, selling marketing, promoting and/or introducing into interstate commerce, either directly or indirectly through third parties, subsidiaries or related entities, the SynchroMed® II Device.

(Doc. 1, p. 3, ¶ 13).

       Warstler alleged asserts seven claims: 1) manufacturing defect; 2) failure to warn; 3) breach of express warranty; 4) breach of implied warranty; 5) negligent misrepresentation; 6) negligence; and 7) fraudulent misrepresentation and omission.

       Pending is Medtronic's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 6). Warstler responded, asking to convert the motion to dismiss to a motion for summary judgment. Warstler then asks that I deny the motion pursuant to Fed. R. Civ. P. 56(d) and

to allow discovery. In the alternative, Warstler seeks fifteen days to file a response to the motion to dismiss. (Doc. 8). Medtronic has filed a response, opposing the request to convert its motion to dismiss to a motion for summary judgment. (Doc. 9). Warstler has filed a reply. (Doc. 10).

Ordinarily, a court's consideration of a motion to dismiss under Rule 12(b)(6) is limited to the pleadings. Reference to materials outside the pleadings may convert the motion into one for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). Such documents include public records that are not attached to the pleadings. *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *see also Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013) ("Matters of public record may be considered on a motion to dismiss.").

The Court may take judicial notice of public and government documents because their sources "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Colvin v. Veterans Admin. Med. Ctr.*, 390 F. App'x 454, 456 (6th Cir. 2010); *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (6th Cir. 2005) (taking judicial notice of information posted on a website).

The documents that Medtronic has attached to its motion to dismiss were referred to in Warstler's complaint and/or are a matter of public record. Therefore, these documents do not convert the motion to dismiss to one for summary judgment. *Goryoka*, 519 F. App'x at 927; *Colvin*, 390 F. App'x at 456; *Barany–Snyder*, 539 F.3d at 332; *Commercial Money*, 508 F.3d at 335–36; *City of Monroe*, 399 F.3d at 655 n.1.

Accordingly, Warstler's motion to convert (Doc. 8) is denied. Warstler has until August 31, 2016, to file a response to Medtronic's motion to dismiss under Rule 12(b)(6). (Doc. 6). Medtronic shall have until September 15, 2016, to file its reply.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge